UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J. CAIDOR,

                                         Plaintiff,

                v.                                             5:05-CV-297
                                                                    (FJS/GJD)

M&T BANK; M&T BANK CORP.; JOHN DOYLE;
PHILIP McCOY; MICHAEL HARRINGTON; C.
DEVITO; CITY OF SYRACUSE; SYRACUSE POLICE
DEPARTMENT; ONONDAGA COUNTY; and
ONONDAGA COUNTY SHERIFF CUSTODY
BOOKING DIVISION,

                                       Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **J. CAIDOR**<br>Syracuse, New York 13204<br>Plaintiff *pro se* | |
| **ONONDAGA COUNTY**<br>**LAW DEPARTMENT**<br>421 Montgomery Street<br>10th Floor<br>Syracuse, New York 13202<br>Attorneys for Defendant Onondaga<br>County | **KATHLEEN M. DOUGHERTY, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

      On March 8, 2005, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988. In his complaint, Plaintiff asserted that Defendants deprived him of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights when they allegedly restrained, arrested

and prosecuted him. Specifically, Plaintiff contended that Defendants' conduct constituted (1) a deprivation of his right to due process and equal protection, (2) false arrest and imprisonment, (3) malicious prosecution, and (4) conspiracy.

Defendants Michael Harrington, C. Devito, the City of Syracuse and the Syracuse Police Department (collectively the "City Defendants") and Onondaga County and Onondaga County Sheriff Custody Booking Division (collectively the "County Defendants") moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.

The Court granted in part and denied in part those motions in a Memorandum-Decision and Order, dated March 27, 2006. *See* Dkt. No. 27. The Court also provided Plaintiff with an opportunity to amend his complaint and explicitly instructed him about what he could and could not include in that amended pleading. Specifically, the Court advised Plaintiff that "in his amended complaint [he could] **only** assert Fourth Amendment claims for illegal strip search, false arrest and malicious prosecution against Defendant Officers Harrington and Devito in their individual capacity and **a Fourth Amendment claim for illegal strip search against individual Defendants who work for County Defendant and participated in or oversaw the strip search**." *See* Memorandum-Decision and Order, dated March 27, 2006, at 35 n.33 (emphasis added). The Court also instructed Plaintiff that, with respect to his strip search claim against Defendant County, he had to name or describe the individuals who worked for Defendant County "who either performed or oversaw the strip search." *See id.* at 34. Finally, the Court cautioned Plaintiff that his "amended complaint **shall not** contain any of the claims or name any Defendants that the Court has dismissed as a result of this Order." *See id.* at 35.

Plaintiff filed his amended complaint on May 26, 2006. *See* Dkt. No. 30. Currently before the Court is Defendant Onondaga County's motion to dismiss Plaintiff's Fourth Amendment strip search claim – the only claim that remains against it – for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

**A.     Plaintiff's amended complaint**

To resolve this motion, the Court must first determine which of the many paragraphs in Plaintiff's amended complaint pertain to and/or mention Defendant Onondaga County. First, in the "Parties" section of his amended pleading, Plaintiff lists "Defendant County of Onondaga . . . and its Sheriff Deputies at Custody Booking Division department and employees works [sic] for the County of Onondaga." *See* Amended Complaint at ¶ 10. Furthermore, in the "Facts" section of his amended complaint, the only allegations that can reasonably be read to pertain to and/or mention Defendant Onondaga County are the following:

> 29.     Plaintiff was then handcuffed around 10 a.m. and transported to the **Onondaga County Justice Center Booking Division**.
>
> 31.     Thereafter, plaintiff was deprived of his freedom, handcuffed, photographed, fingerprinted, **stripped search** [sic], booked and detained for a period [of] approximately 24 hours.
>
> 33.     During the time of detention plaintiff was placed in a locked cell by an **unknown sheriff deputy with a last name with letters k & f**.
>
> 34.     During the time of detention plaintiff's character was defamed by **Onondaga Sheriff Deputy Gary Searle**.

> 39. At all relevant times, . . . **Onondaga County** acted under the color of state law, within the meaning of 42 U.S.C.A. § 1983 and instigated the trial.
>
> 41. At all relevant times the defendants, . . . **Onondaga County and Deputy Sheriff at Booking** are responsible for the deliberate indifference and conscious disregard of plaintiff's constitutional rights to be free from false arrest, wrongful detention and malicious prosecution.
>
> 44. The acts of **Defendant Onondaga by Sheriff deputies at the Booking Division** which are the subject of this lawsuit were undertaken in the regular course of their employment for Defendant Municipality.
>
> 46. Each of defendants, individually and in concert with the other, acted under pretense and color of law and their official capacity without authorization of law. Each defendant, individually and [in] concert with the others, acted willfully, knowingly, and with specific intent to deprive plaintiffs [sic] of his rights to freedom from illegal searches and seizure of their [his] person[], papers, and effects, and their [sic] right[] to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to plaintiff's [sic] by the Fourth Amendment to the Constitution of the United States, and by Title 42 U.S.C. A. § 1983.

*See* Amended Complaint at ¶¶ 29, 31, 33-34, 39, 41, 44, 46 (emphasis added).

Finally, in his amended complaint, Plaintiff asserts three causes of action, only one of which pertains to Defendant Onondaga County in light of the Court's previous Order. That cause of action is based upon his allegations of Fourth Amendment violations, specifically, that "the above acts of false arrest[,] false imprisonment, wrongful detention and malicious prosecution collectively and individually committed by each of the defendants, constitute violations of plaintiff's rights to be free from arrest without probable cause under the Fourth Amendment as guaranteed by the United States Constitution, and made applicable to the

defendant by the Fourteenth Amendment." *See id.* at ¶ 61. In connection with this cause of action, he also asserts that "[t]he Onondaga County Deputy Sheriff at Booking, did by their policies and conduct at all relevant times act under color of state law as officers of the Onondaga County Sheriff's Department." *See id.* at ¶ 63. Finally, he states that "[t]hese actions of the defendants, were in violation of Plaintiff's constitutional rights pursuant to 42 U.S.C.A. § 1983, and were performed under the color of state law by each of the defendants as . . . Onondaga Deputy Sheriffs." *See id.* at ¶ 64.

With these allegations in mind, the Court will now address Defendant Onondaga County's motion to dismiss Plaintiff's amended complaint.

### B.  Defendant Onondaga County's motion to dismiss

Defendant Onondaga County argues that the Court should dismiss Plaintiff's claims against it because

> [a]bsent from the Amended Complaint . . . is any detail regarding the alleged illegal strip search. Plaintiff makes one passing reference to being "stripped search" but offers no other details or circumstances. Plaintiff fails to provide any information whatsoever as to the location of the alleged strip search, the participants in the strip search, or the "nexus between such conduct and Plaintiff's civil and/or constitutional rights."

*See* Defendant Onondaga County's Memorandum of Law at 8-9 (citation omitted).

Moreover, Defendant Onondaga County points out that "nowhere in the Amended Complaint does Plaintiff even assert that the strip search was illegal or improper." *See id.* at 9.

In his affidavit in opposition to Defendant Onondaga County's motion, Plaintiff asserts that, "[o]n May 26, 2006 Plaintiff filed an amended complaint against City of Syracuse, County

of Onondaga, Michael Harrigan, C. Devito, added Sheriff Deputies in the complaint, added Deputy Gary Searle and plan to add other Deputies upon Discovery." *See* Affidavit of J. Caidor, sworn to July 25, 2006, at ¶ 13. Moreover, Plaintiff contends that he

> did not remember the name of all the other Defendants and Sheriff Deputies involve except to Gary Searle who died from the reading of Post-Standard Newspaper, another deputy with the last names with initial K&F, and H. Aponte who may of made the visual cavity strip search without a reason for a tresspass [sic] violation (not misdemeanor), but believe that he will add the names of all defendants involved upon discovery.

*See id.* at ¶ 15.

As a preliminary matter, the Court notes that the only wrongdoing that Plaintiff alleges in his amended complaint against Gary Searle is that Deputy Searle defamed his character. *See* Amended Complaint at ¶ 34. To the extent that Plaintiff is attempting to plead a claim for defamation in his amended complaint, the Court's prior Order precludes him from doing so. Specifically, the Court dismissed Plaintiff's defamation claim, noting that, "except to allege that a deputy sheriff slandered him, Plaintiff has not provided sufficient facts to give fair notice of the claim and the grounds upon which it rests. . . . In addition, Plaintiff provides no evidence that he filed a notice of claim as required under New York law. . . ." *See* Memorandum-Decision and Order, dated March 27, 2006, at 2 n.3 (internal citations omitted). Moreover, the Court explicitly advised Plaintiff that he could not reassert any claims in his amended complaint that "the Court has dismissed as a result of this Order . . . ." *See id.* at 35.[1]

---

[1] The Court also notes, that despite his assertion to the contrary, Plaintiff did not name Gary Searle as a Defendant in his amended complaint. He merely mentioned Gary Searle in one paragraph of his "Facts" section. That does not constitute naming an individual as a defendant in an action. Rather, to include an individual as a defendant in an action, a plaintiff must include
(continued...)

In addition, Defendant Onondaga County accurately states that Plaintiff has provided no specifics about the alleged strip search in his amended complaint nor has he named any individuals involved in that alleged search. The Court specifically instructed Plaintiff that, in his amended complaint, he was required "to name or to describe the specific individuals who allegedly ordered and/or conducted the strip search and the basis for his claims that such was unreasonable . . . ." *See* Memorandum-Decision and Order, dated March 27, 2006, at 16. Plaintiff did neither.

As noted, he has not named any new individual defendants in the caption of his amended complaint or in the "Parties" section of that pleading. Furthermore, although he mentions two individuals in the "Facts" section of his amended complaint, he does not assert that either one of them had anything to do with the strip search. *See* Amended Complaint at ¶¶ 33-34. In addition, he only mentions the term "strip searched" once, and then only in passing and he does not assert any details about the specifics of the alleged strip search. Finally, nowhere in his amended complaint does Plaintiff allege any facts to support his claim that the alleged strip search was unreasonable.[2] Accordingly, for all these reasons, the Court grants Defendant Onondaga

---

[1](...continued)
his name in the caption of his pleading and list him under the "Parties" section of that pleading. Plaintiff did neither.

[2] The Court acknowledges that, in his affidavit in opposition to Defendant Onondaga County's motion, Plaintiff does assert that "H. Aponte . . . may of [sic] made the visual cavity search . . ." *See* Caidor Aff. at ¶ 15. However, the Court does not know what, if any, relationship "H. Aponte" has to Defendant Onondaga County and Plaintiff does not refer to "H. Aponte" in his amended complaint. Finally, even if the Court were to assume that "H. Aponte" is an employee of Defendant Onondaga County, Plaintiff still has not alleged any facts about the details of the alleged strip search that would support his contention that the search was unreasonable.

County's motion to dismiss Plaintiff's amended complaint against it.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the relevant law, and for the reasons stated herein, as well as in the Court's March 27, 2006 Memorandum-Decision and Order, the Court hereby

**ORDERS** that Defendant Onondaga County's motion to dismiss Plaintiff's amended complaint against it is **GRANTED**;[3] and the Court further

**ORDERS** that this case is remanded to Magistrate Judge DiBianco for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: March 14, 2007
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] In light of this Order and the Court's previous Memorandum-Decision and Order, the only Defendants who remain in this action are Defendant Officers Harrington and Devito and the only claims that remain are Plaintiff's Fourth Amendment claims for illegal strip search, false arrest and malicious prosecution against these Defendants in their individual capacities.