UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J. CAIDOR,

                Plaintiff,

v.

                                                   5:05-CV-0297 (GTS/GJD)

MICHAEL HARRINGTON and C. DEVITO,

                Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

J. CAIDOR
  Plaintiff, *Pro Se*
206 Merriman Avenue
Syracuse, NY 13204

HON. RORY A. McMAHON                                      JOSEPH FRANCIS BERGH, ESQ.
Corporation Counsel for the City of Syracuse              Assistant Corporation Counsel
  Counsel for Defendants
233 East Washington Street, Room 301
City Hall
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by J. Caidor ("Plaintiff") is a motion for reconsideration of the Court's Decision and Order of January 26, 2009, granting defendants' motion for summary judgment. (Dkt. No. 58.) For the reasons set forth below, Plaintiff's motion is denied.

Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez*, 35 F.3d 673, 677

(2d Cir. [citations omitted]), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.) [citations omitted], *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009) [citations omitted]. Here, Plaintiff has not satisfied any of these three conditions.

With regard to the first condition, Plaintiff's motion points to no intervening change in the relevant controlling law. (*See generally* Dkt. No. 58.) With regard to the second condition, Plaintiff's motion points to no new evidence warranting reconsideration. (*Id*.) The only purportedly "new" evidence that Plaintiff attempts to introduce is his affirmation. (*Id*. at 2.) However, even if the information in that affirmation is "new" (which the Court finds it is not), Plaintiff has offered no grounds to believe that such new information had not been available to him before briefing was complete on Defendants' motion for summary judgment. With regard to the third condition, Plaintiff's motion *purports* to point to various errors of law in the Court's Decision and Order of January 26, 2009. (*See generally* Dkt. No. 58.) However, after carefully reviewing that Decision and Order, the Court can find no such errors. The Court would only add three points.

First, the Court reached each of its conclusions in its Decision and Order only after resolving all ambiguities, and drawing all reasonable inferences, in favor of Plaintiff. Second, as explained in the Court's Decision and Order of January 26, 2009, Syracuse City Court Judge Kate Rosenthal did *not*, in her decision of May 17, 2004, hold that no probable cause existed to arrest Plaintiff for the violation of trespass under N.Y. Penal Law § 140.05 (whether that is because Plaintiff had property in the bank, or because of any other reason). Rather, she merely issued a ruling that the People had not, at trial, met their burden of proof beyond a reasonable doubt. Furthermore, the Court expressly finds that Plaintiff did not in fact have property at the

South Warren Street branch of M&T Bank during the time in question, because his "property" consisted of an abandoned check located at the South Salina Street branch of M&T Bank. More importantly, even if he did have an open bank account at the South Warren Street branch of M&T Bank during the time in question, he was not privileged to remain there under the circumstances, given his prior disruptive behavior and the directive that he leave that branch. Third, and finally, the violation of trespass, under N.Y. Penal Law § 140.05, may indeed warrant an arrest (as opposed to warranting merely a citation or summons).[1] This is especially true where, as here, the suspect refuses to leave the premises at issue, or has demonstrated a propensity for immediately returning to the premises after ejection.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for reconsideration of the Court's Decision and Order of January 26, 2009 (Dkt. No. 58) is **DENIED**.

Dated: March 24, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] *See, e.g., New York v. Craig*, 78 N.Y.2d 616, 618 (N.Y. 1991) (affirming conviction of person arrested for violation of trespass under Penal Law § 140.05); *New York v. Fredericks*, 829 N.Y.S.2d 78, 78 (N.Y. App. Div., 1st Dept., 2007) (affirming conviction of person arrested for violation of trespass under Penal Law § 140.05); *New York v. Munroe*, 853 N.Y.S.2d 457, 458 (N.Y. App. Term, 9th and 10th Dist., 2007) (affirming conviction of person arrested for violation of trespass under Penal Law § 140.05); *New York v. Taylor*, 630 N.Y.S.2d 625, 626-27 (N.Y. App. Term, 9th and 10th Dist., 1995) (affirming conviction of person arrested for violation of trespass under Penal Law § 140.05); *New York v. Bauer*, 614 N.Y.S.2d 871, 873 (N.Y. City Ct., Watertown, 1994) (entering conviction of person arrested for violation of trespass under Penal Law § 140.05).